IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN SUE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-2837-K (BT) |
| | § | |
| U.S. DEP'T OF VETERANS ADMINISTRATION, ET AL., | § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Carolyn Sue Thomas, proceeding *in forma pauperis*, sued the "United States Department of Veterans Administration"[1] (VA), Guardianship Services Inc. (Guardianship), and the Bobby Edmonds Law Office (Edmonds). Compl. (ECF No. 3). Thomas claims that these defendants "colluded" to deny her benefits from her deceased brother's estate. *See id.* at 6. For the following reasons, the Court should dismiss this case without prejudice for lack of subject matter jurisdiction, and it should deny as moot Guardianship's pending motion to dismiss under Federal Rules of Civil Procedure 8, 12(b)(5), and 12(b)(6) (ECF No. 7).

## Background

Thomas's brother, a United States military veteran, died in August 2023. Compl. at 6. In May 2024, the VA notified Thomas that she may be an heir to her

---

[1] The correct name for this agency is the United States Department of Veterans Affairs, or "VA."

brother's estate, which the VA was administering in a fiduciary capacity. *See id.* at 9 (letter to Thomas from the VA Fiduciary Intake Center). But Thomas alleges that, to date, she has not received any money from her brother's estate. *Id.* at 4. She claims that, starting on August 24, 2023, the defendants colluded to deprive her of her accrued benefits—which amount to around $300,000—in violation of federal criminal statutes. *Id.* at 6.

Thomas claims that Guardianship—an entity appointed as her brother's guardian in state court proceedings in 2008—"deliberately falsified" her brother's death certificate by "deliberately omit[ing]" information about his parents' full names and whether he had been married. *Id.* She also alleges that, when she went to pick up her brother's death certificate, a Guardianship receptionist had a plastic tumbler with the words "we are going to kill you." *Id.*

Thomas asserts that Edmonds, an appointed fiduciary of her brother's affairs, also colluded with the VA and Guardianship in violation of federal criminal statutes. *Id.* at 7. She alleges that Edmonds falsified her brother's obituary by including a sister who was unknown to family. *Id.* Thomas believes that Edmonds released her brother's benefits to the unknown sister. *Id.*

Thomas seeks $336,544 in monetary damages from the VA and $426,000 from Guardianship. "Addendum" to Compl. (ECF No. 6).

Guardianship moved to dismiss Thomas's case under Federal Rules of Civil Procedure 8, 12(b)(5) and 12(b)(6), claiming that Thomas had not timely served it with process and that, even if the Court gave her more time to do so, her allegations

2

do not comply with pleading requirements and fail to state a claim upon which relief can be granted. *See* Mot. to Dismiss (ECF No. 7). The Court has not entered a briefing schedule for Guardianship's motion to dismiss.

**Legal Standards**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack

5

of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

## Analysis

1. <u>Sovereign immunity bars Thomas's claims for monetary damages against the VA</u>.

Thomas seeks monetary damages from the VA for allegedly colluding with the other defendants to deny her benefits from her deceased brother's estate.

Under the doctrine of sovereign immunity, a plaintiff cannot sue the United States without its permission. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued.") (internal quotation citation omitted); *In re FEMA Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (the government's consent to be sued "is a prerequisite to federal jurisdiction"). A lawsuit against a federal official in an official capacity is the equivalent of a lawsuit against the government itself. *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (per curiam). Absent a waiver of this immunity, or consent to be sued, any suit brought against the United States or any federal agency—such as the VA—must be dismissed for lack of subject-matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *see also Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("The absence of such a waiver is a jurisdictional defect.") (quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (2007)); *Jackson v. Dept of Veteran's Affairs*, 2022 WL 18814745,

at *2 (N.D. Tex. Dec. 14, 2022), *rec. accepted* 2023 WL 2144158 (N.D. Tex. Feb. 21, 2023) (dismissing claims against VA under sovereign immunity). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *St. Tammany Par. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)).

Thomas fails to show that the VA has consented to this suit, and she fails to identify a waiver of sovereign immunity with respect to her claims for monetary damages against the VA.

The Court notes that the Federal Tort Claims ACT (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman*, 556 F.3d at 335. "The FTCA subjects the United States to liability for personal injuries caused by the negligent or wrongful act or omission of any employee of the Government." *Metro Life Ins. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) (internal quotation marks omitted). But there is no indication that Thomas wishes to proceed with an FTCA claim. Even if she did, such claim would be meritless for multiple reasons. First, before bringing an FTCA claim in federal court, a plaintiff must exhaust her administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). In the Fifth Circuit, the presentment requirement is jurisdictional. *Cook v. United States ex rel. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992) (per curiam); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (per curiam). There is no sign, however, that Thomas has

7

exhausted her claims against the VA. And second, FTCA claims are properly brought only against the United States. *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991). But Thomas sues the VA—not the United States.

In sum, Thomas fails to show that the United States has consented to this action against it. She also fails to show any waiver of sovereign immunity. Thomas's claims for monetary relief against the VA—the only type of relief sought in her pleadings—should be dismissed without prejudice for lack of subject matter jurisdiction.

2. <u>The Court lacks jurisdiction over Thomas's claims against the non-federal defendants</u>.

Thomas claims that Guardianship and Edmonds colluded with the VA to deny her benefits from her deceased brother's trust. She also claims that Guardianship deliberately falsified her brother's death certificate, although she does not explain how this injured her.

Again, Thomas fails to establish jurisdiction over these claims. She alleges that Guardianship and Edmonds's conduct violated 18 U.S.C. §§ 241 and 242. But those criminal statutes do not provide a private right of action and fail to establish subject matter jurisdiction. *See, e.g.*, *Johnson v. Fed. Bureau of Investigation*, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016) (noting that §§ 241 and 242 do not provide private causes of action) (citing *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 760 (5th Cir. 1987) (stating no cause of action arises from a violation of 18 U.S.C. § 241); *Menefee v. Houston Police Dep't*, 2016 WL 3093131, at *4 (S.D.

Tex. May 11, 2016) ("prosecution of an action under 18 U.S.C. § 242 lies solely within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute"). "Federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Doyon v. United States*, 2008 WL 2626837, at *4 (W.D. Tex. June 26, 2008) (holding that 18 U.S.C. §§ 241, 242 are criminal statutes that confer no private rights). Nor does a citizen have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Thus, any claims premised upon 18 U.S.C. §§ 241 or 242 fail to establish subject matter jurisdiction.

Finally, even if the Court were to liberally construe the allegations against Guardianship and Edmonds as sounding in state tort law, there would still be no independent jurisdictional basis for these claims, as Thomas does not allege complete diversity exists among the parties under 28 U.S.C. § 1332. Instead, Thomas alleges that she, Guardianship, and Edmonds all reside in Texas. *See* Compl. at 2. And because there does not appear to be any basis for original jurisdiction over any of Thomas's claims, there would be no supplemental jurisdiction over any construed state-law tort claims. *See* 28 U.S.C. § 1367(a).

Thomas fails to establish subject matter jurisdiction over any claims against the non-federal defendants.

3. <u>The Court should deny Guardianship's motion to dismiss without prejudice as moot</u>.

Guardianship moves to dismiss Thomas's claims against it, claiming that Thomas failed to timely serve it under Federal Rule of Civil Procedure 12(b)(5), or, alternatively, that the complaint should be dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6) for failing to meet pleading requirements and for failing to state a claim upon which relief can be granted. *See* Mot. to Dismiss.

Because the Court lacks jurisdiction over this action as pleaded, the Court should deny the motion to dismiss as moot and without prejudice to Guardianship's ability to raise these arguments again in the future if necessary.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Thomas show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. But the 14-day statutory objection period (explained below) will allow Thomas the chance to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

## Recommendation

The Court should dismiss Plaintiff Carolyn Sue Thomas's case without prejudice for lack of subject matter jurisdiction, and it should deny as moot and without prejudice Guardianship's motion to dismiss (ECF No. 7).

SO RECOMMENDED March 6, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Servs. Auto. Ass'n](), 79 F.3d 1415, 1417 (5th Cir. 1996)*.

11