IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN SUE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-02837-K (BT) |
| | § | |
| | § | |
| UNITED STATES VETERANS | § | |
| ADMINISTRATION, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions filed by Plaintiff Carolyn Sue Thomas, both titled Motion and Notice to Re-Enter"(Doc. 13 & 14). The construes these filing as a singular motion for relief from final judgment under Federal Rule of Civil procedure 60(b). After careful consideration, the Court **DENIES** the motions.

## Background

On November 12, 2024, Plaintiff filed a complaint against the "United States Department of Veterans Administration"1 (VA), Guardianship Services Inc. (Guardianship), and the Bobby Edmonds Law Office (Edmonds). Compl. (ECF No. 3). Plaintiff claimed that these defendants "colluded" to deny her benefits from her deceased brother's estate. *See id.* at 6. Plaintiff sought $336,544 in monetary damages from the VA and $426,000 from Guardianship. "Addendum" to Compl. (ECF No. 6).

On March 25, 2025, the district court dismissed Plaintiff's claims without

1

prejudice for lack of subject matter jurisdiction. *See Thomas v. U.S. Dep't of Veterans Admin.*, 2025 WL 906780, at *5 (N.D. Tex. Mar. 6, 2025), *rec. adopted*, 2025 WL 906234 (N.D. Tex. Mar. 25, 2025). The court also denied Plaintiff leave to amend on the grounds that she had already pleaded her best case. *Id.*

Nearly nine months later, Plaintiff filed two motions, both titled "Plaintiff's Motion and Notice to Re-Enter into the Above Named Court the Above numbered Case." *See* Mot. (ECF No. 13 & 14). One motion named Edmonds as defendant (Doc. 13), and the other Guardianship (Doc. 14). Neither motion contains substance beyond the title—Plaintiff includes a certificate of service immediately below the title with nothing else. The Court liberally construes Plaintiff as seeking reinstatement of this action.

## Legal Standard

The Court evaluates a motion seeking reinstatement of a case or relief from judgment either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The Court determines the applicable rule based on the time of filing. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the Court analyzes it under Rule 59(e), and if the movant filed the motion outside of that time, the Court analyzes it under Rule 60(b). *Id.* Because Plaintiff filed her motions seeking reinstatement of her case well after the March 25, 2025 entry of final Judgment, the

Court considers the motions under Rule 60(b).

Federal Rule of Civil Procedure 60(b) sets forth the grounds upon which a court may grant relief from a final judgment, order or proceeding:

> On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Fifth Circuit has emphasized that the concepts of justice and equity should drive the decision to set aside a previous judgment and that the decision is directed to the sound judgment of the district court. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. 1981). "Rule 60(b) is 'a grand reservoir of equitable power to do justice in a particular case,' 'that may be tapped by the district court' in exercising its discretion." *Id.* at 402 (quoting *Menier v. United States*, 405 F.2d 245, 248 (5th Cir. 1968)). This rule inherently is intended to balance the finality of judgments with the " 'incessant command of the court's conscience that justice be done in light of all the

3

facts.' " *Id.* at 401 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 766 (5th Cir.), *cert. denied*, 399 U.S. 927 (1970)).

Rule 60(b)(6) provides broad equitable powers to a court to set aside a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see id.* at 642. This equitable power permits the court "to do justice in a particular case when relief is not warranted" under any other clause of Rule 60(b). *Id.* at 642 (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992)).

Further, the Fifth Circuit has set forth several factors for a court to consider in deciding a Rule 60(b) motion: "(1) [t]hat final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits where the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." *Seven Elves*, 635 F.2d at 402.

## Analysis

The Court finds that, even when liberally construed in light of her *pro se* status,

4

Plaintiff's motion does not meet the standards of any provision of Rule 60(b). Plaintiff fails to establish any mistake, inadvertence, surprise, or excusable neglect that warrants relief from judgment under Rule 60(b)(1); nor does she point to new evidence or any fraud, misrepresentation, or misconduct by an opposing party that would entitle her to relief under Rule 60(b)(2) or (b)(3). Plaintiff fails to show the judgment is void, that it has been satisfied, released or discharged, or that it is based on an earlier judgment that has been reversed or vacated, such that relief under Rule 60(b)(4) or (b)(5) is appropriate. And Plaintiff further fails to identify any "extraordinary circumstances" that justify relief under the "catch-all" provision, Rule 60(b)(6).

Rather, Plaintiff summarily asks the Court to re-open this action without more. Her motions contain a title and certificate of service nothing but nothing else.

## Conclusion

Because Plaintiff has failed to show she is entitled to relief under Rule 60(b), the **DENIES** her pending motions (Doc. 13 & 14).

**SO ORDERED.**

Signed December 16th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES MAGISTRATE JUDGE